## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES CHEUNG, Individually, and as Administrator of the ESTATE OF GERALD W. KEISTER, Deceased** <br> 29 Robins Lane <br> Berwyn, PA 19312 | **CIVIL ACTION** |
| **v.** | **Case No.** |
| **BRINTON MANOR CENTER SNF LLC a/d/b/a BRINTON MANOR, BRINTON MANOR NURSING AND REHABILITATION CENTER** <br> 501 Silverside Rd., Suite 102 <br> Wilmington, DE 19809 <br> and <br> **GENESIS LGO OPERATIONS LLC** <br> 251 Little Falls Drive <br> Wilmington, DE 19808 <br> and <br> **IMPERIAL HEALTHCARE GROUP, LLC** <br> 919 Green Grove Road <br> Neptune, NJ 07753 <br> and <br> **LIGHTNING HEALTH HOLDCO LLC** <br> 501 Silverside Rd., Suite 102 <br> Wilmington, DE 19809 | **JURY TRIAL DEMANDED** |

### CIVIL ACTION – COMPLAINT AND JURY DEMAND

James Cheung, Individually and as Administrator of The Estate of Gerald W. Keister, ("Plaintiff"), by and through his counsel, The Curran Firm, P.C., brings the instant action alleging damages in excess of $75,000.00 upon causes of action, and in support thereof avers as follows:

### PARTIES

1. James Cheung, ("Plaintiff"), is an adult individual, citizen of Pennsylvania, who resides at 29 Robins Lane, Berwyn, Pennsylvania 19312.

1

a. Plaintiff is the duly appointed Administrator of The Estate of Gerald W. Keister ("Mr. Keister"), and Letters of Administration were granted on December 26, 2019, by the Register of Wills, in and for Chester County, being File No. 1519-2557. See Letters of Administration attached hereto as **Exhibit "A"**.

b. Plaintiff is the only surviving heir of Mr. Keister as per Deceased's Will.

2. Brinton Manor Center SNF LLC ("Defendant Brinton Manor"), is Delaware limited liability company, registered with the Delaware Department of State as Entity No. 6809079, with a registered agent address of 501 Silverside Rd., Suite 102, Wilmington, DE 19809.

a. Brinton Manor Center SNF LLC trades and does business as Brinton Manor Nursing and Rehabilitation Center, and is registered with the Pennsylvania Department of State as Entity No. 6697442.

b. At all times relevant, Brinton Manor Center SNF LLC owned, operated, maintained, and controlled the Brinton Manor Nursing and Rehabilitation Center located at 549 Baltimore Pike, Concordville, Pennsylvania 19331.

3. Genesis LGO Operations LLC ("Defendant Genesis"), is Delaware limited liability company, registered with the Delaware Department of State as Entity No. 6188309, with a registered agent address of 251 Little Falls Drive, Wilmington, DE 19808.

a. Genesis LGO Operations LLC trades and does business as Brinton Manor Nursing and Rehabilitation Center.

b. At all times relevant, Genesis LGO Operations LLC owned, operated, maintained, and controlled the Brinton Manor Nursing and Rehabilitation Center located at 549 Baltimore Pike, Concordville, Pennsylvania 19331.

4.   Imperial Healthcare Group, LLC, ("Defendant Imperial") is a New Jersey limited liability company, registered with the New Jersey Department of State as Entity No. 0450260100, with an address of 919 Green Grove Road, Neptune, New Jersey 07753.

    a.   At all times relevant, Defendant Imperial managed and controlled the Brinton Manor Nursing and Rehabilitation Center located at 549 Baltimore Pike, Concordville, Pennsylvania 19331, together with, on behalf of, and as the agent of Defendant Brinton Manor.

5.   Lightning Health Holdco LLC ("Defendant Lightning Health"), is Delaware limited liability company, registered with the Delaware Department of State as Entity No. 6786506, with a registered agent address of 251 Little Falls Drive, Wilmington, DE 19808.

    a.   Lightning Health Holdco LLC trades and does business as Brinton Manor Nursing and Rehabilitation Center.

    b.   At all times relevant, Lightning Health Holdco LLC owned, operated, maintained, and controlled the Brinton Manor Nursing and Rehabilitation Center located at 549 Baltimore Pike, Concordville, Pennsylvania 19331.

**JURISDICTION AND VENUE**

6.   Plaintiff incorporates by reference the preceding paragraphs as if fully stated herein.

7.   This Court has jurisdiction over all parties because complete diversity exists between the parties.

**FACTS**

8.   Plaintiff incorporates by reference the preceding paragraphs as if fully stated herein.

9.  Mr. Keister suffered a right femur fracture during a fall on November 3, 2019, which required surgery to repair.

10. On November 4, 2019, Mr. Keister was admitted to Paoli Memorial Hospital.

11. Mr. Keister underwent surgery at Paoli Memorial Hospital on November 5, 2019.

12.  Mr. Keister stayed at Paoli Memorial Hospital from November 4, 2019 through November 11, 2019.

13. On November 11, 2019, Mr. Keister was discharged to Brinton Manor Nursing and Rehabilitation Center, located at 549 Baltimore Pike, Concordville, Pennsylvania 19331, to recover from surgery.

14. Upon his admission to Brinton Manor on November 11, 2019, Mr. Keister was noted to have a small callous at the bottom of his right foot measuring 1.0 x 1.0 x 0 cm, and a Stage 2 pressure injury of the coccyx, measuring 3.0 x 4.0 x 0 cm.

15. On November 12, 2019, Mr. Keister's sacrum (coccyx) wound was graded as a Stage 3 lesion measuring 2.5 x 2.3 x 0.1 cm, with 50% granulation tissue and 50% necrosis, with light serous drainage.

16. Plaintiff regularly visited Mr. Keister and monitored his care, but Plaintiff was not informed by Defendant Brinton Manor of Mr. Keister's wound upon Mr. Keister's admittance.

17. Mr. Keister suffered from dementia and was unable to communicate his condition to Plaintiff. While at Defendant's facility, Plaintiff's decedent developed a sacrum wound.

18. From November 12, 2019, up until November 19, 2019, there are no recorded measurements of Mr. Keister's sacrum (coccyx) wound.

19. From November 12, 2019 up until November 19, 2019, Mr. Keister's wound dressing was not changed, nor were any notations present in the record which updated the status of the wound.

20. From November 12, 2019 to November 19, 2019, Defendant Brinton Manor made no nutritional interventions to Mr. Keister's care plan.

21. From November 12, 2019 to November 19, 2019, Defendant Brinton Manor made no changes with respect to Gerald Keister's bed, chair, or surface supports.

22. From November 12, 2019 to November 19, 2019, Defendant Brinton Manor made no changes with respect to Mr. Keister's incontinence treatments or care.

23. From November 12, 2019 to November 19, 2019, Defendant Brinton Manor failed to notify any physician of the deteriorating condition of Mr. Keister's wound, nor bring in a physician for consultation.

24. From November 12, 2019 to November 19, 2019, Defendant Brinton Manor failed to notify Plaintiff of the deteriorating condition of Mr. Keister's wound.

25. On November 19, 2019, a second set of measurements of Mr. Keister's sacrum (coccyx) were obtained and noted a Stage 3 pressure ulcer measuring 2.3 x 3.8 x 1.2 cm with 70% granulation tissue and 30% necrosis.

26. The November 19, 2019 measurements of the wound indicated the depth of the wound had increased significantly from the previous measurement on November 12, 2019.

27. The wound had deteriorated to such an extent as to require transfer to a hospital for appropriate care and intervention.

28. On November 20, 2019, an SBAR (Situation-Background-Assessment-Recommendation) form was completed by a nursing staff member at Brinton Manor.

29. The portion of the SBAR form regarding Mr. Keister's skin condition was left blank.

30. On November 21, 2019, Mr. Keister was admitted to Riddle Memorial Hospital with syncope, blood clots and a newly diagnosed movement disorder.

31. It was at this time that Plaintiff discovered Mr. Keister's sacral wound for the first time.

32. Mr. Keister was described as having a wasting disorder described as cachexic.

33. At the hospital, a wound specialist assessed Mr. Keister's sacral wound noting the dimensions of 3.0 x 4.5 x 0.1 cm, an unstageable wound with a foul odor emitting from the wound.

34. During his first day of admission to the hospital, Mr. Keister had an elevated white blood cell count as well as lethargy and hypotension. An enzymatic debridement agent, Santyl, was prescribed.

35. Mr. Keister remained in Riddle Memorial Hospital from November 21, 2019 to November 29, 2019.

36. On November 29, 2019, Mr. Keister was discharged to the Veteran's Administration Medical Center in Coatesville. Upon arrival at the Veteran's Administration Medical Center, it was determined on assessment that Mr. Keister was too ill and needed to be transferred to Brandywine Hospital. Mr. Keister was admitted to Brandywine Hospital with a diagnosis of sepsis, a urinary tract infection, and a sacral wound which had been described as large and necrotic.

37. On December 9, 2019, while still hospitalized, Mr. Keister died secondary to the complications of this wound infection.

38. Dr. Vinny Singh, M.D., certified Mr. Keister's immediate causes of death as cardiorespiratory arrest, aspirational pneumonia, small bowel obstruction, and sacral decubitus.

39. At all times, Plaintiff's decedent was being treated by health care professionals employed by and under the control of Defendant Brinton Manor and/or Defendant Imperial. Therefore, Defendants Brinton Manor and Imperial are vicariously liable for their conduct.

40. Defendant Brinton Manor, despite repeated attempts by Plaintiff, has failed to disclose the majority of Mr. Keister's medication administration records (MAR), treatment administration records (TAR), laboratory results, assessments or Minimum Data Sets.

## COUNT I - NEGLIGENCE

**PLAINTIFF, AS ADMINISTRATOR OF THE ESTATE OF GERALD W. KEISTER**

**v.**

**DEFENDANT BRINTON MANOR**

41. Plaintiff incorporates by reference the preceding paragraphs as if fully stated herein.

42. Defendant Brinton Manor's negligence included the following actions and omissions:

    a. Failing to inform Plaintiff's decedent's Power of Attorney and family members of his deteriorating condition;

    b. Failing to regularly and properly monitor Plaintiff's decedent's conditions;

    c. Failing to regularly and properly document Plaintiff's decedent's condition in his chart;

    d. Failing to ensure proper equipment was used for Plaintiff's decedent's care;

    e. Failing to notify a physician of Plaintiff's decedent's deteriorating condition in a timely manner;

    f. Failing to adequately staff its facility with appropriately trained health care professionals;

    g. Failing to adequately train its staff in wound care;

    h. Failing to hire adequately skilled employees to care for its patients;

    i. Failing to change Plaintiff's decedent's linens and bedsheets regularly;

j.  Failing to provide adequate and proper nutrition to Plaintiff's decedent;

k.  Failing to change Plaintiff's decedent's wound dressings and bandages;

l.  Failing to change Plaintiff's decedent's wound dressings and bandages in a timely and proper manner;

m.  Failing to discover Plaintiff's decedent's deteriorating condition in a timely and proper manner;

n.  Failing to conduct proper labs, bloodwork, and medical assessments of Plaintiff's decedent;

o.  Failing to transfer Plaintiff's decedent to a hospital in a timely manner;

p.  Failing to formulate a proper plan of care for Plaintiff's decedent;

q.  Failing to enact policies and procedures with respect to appropriate and timely monitoring of patients such as Plaintiff's decedent;

r.  Failing to maintain policies and procedures with respect to timely monitoring of patients such as Plaintiff's decedent;

s.  Failing to follow its own policies and procedures with respect to appropriate and timely monitoring of patients such as Plaintiff's decedent;

t.  Failing to enact, maintain, and follow, policies and procedures with respect to assessment and diagnostics of patients such as Plaintiff's decedent;

u.  Failing to enact, maintain, and follow, policies and procedures with respect to its patients' emergent health situations;

v.  Failing to enact, maintain, and follow, policies and procedures regarding proper and adequate hygienic maintenance and care of its patients, such as Plaintiff's decedent;

w.  Failing to properly assess and test Plaintiff's decedent for infection;

8

x. Failing to administer appropriate antibiotics;

y. Failing to properly treat Plaintiff's decedent's wounds and bed sore;

z. Failing to transfer Plaintiff's decedent to a higher level of care;

aa. Failure to monitor Plaintiff's decedent for developing medical condition;

bb. Failing to enact, maintain, and follow, policies and procedures regarding patient nutrition;

cc. Failing to enact, maintain, and follow, policies and procedures regarding informing Power of Attorney and family members of patients' condition;

dd. Failing to enact, maintain, and follow, policies and procedures regarding the creation and retention of forms and records of patients, such as Plaintiff's decedent;

ee. Failing to enact, maintain, and follow, policies and procedures regarding minimum staffing levels;

ff. Failing to enact, maintain, and follow, policies and procedures regarding hiring skilled employees;

gg. Failing to enact, maintain, and follow, policies and procedures regarding training its staff members in patient care and wound care; and

hh. Failing to enact, maintain, and follow, policies and procedures regarding patient transport in emergent situations.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Brinton Manor, individually, and jointly and severally with Defendant Imperial, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with punitive damages, costs, and compensation for delay, and any such other relief as the Court finds warranted.

## COUNT II – NEGLIGENCE

**PLAINTIFF, AS ADMINISTRATOR OF THE ESTATE OF GERALD W. KEISTER**

**v.**

**DEFENDANT GENESIS**

43. Plaintiff incorporates by reference the preceding paragraphs as if fully stated herein.

44. Defendant Genesis's negligence included the following actions and omissions:

    a.  Failing to inform Plaintiff's decedent's Power of Attorney and family members of his deteriorating condition;

    b.  Failing to regularly and properly monitor Plaintiff's decedent's conditions;

    c.  Failing to regularly and properly document Plaintiff's decedent's condition in his chart;

    d.  Failing to ensure proper equipment was used for Plaintiff's decedent's care;

    e.  Failing to notify a physician of Plaintiff's decedent's deteriorating condition in a timely manner;

    f.  Failing to adequately staff its facility with appropriately trained health care professionals;

    g.  Failing to adequately train its staff in wound care;

    h.  Failing to hire adequately skilled employees to care for its patients;

    i.  Failing to change Plaintiff's decedent's linens and bedsheets regularly;

    j.  Failing to provide adequate and proper nutrition to Plaintiff's decedent;

    k.  Failing to change Plaintiff's decedent's wound dressings and bandages;

    l.  Failing to change Plaintiff's decedent's wound dressings and bandages in a timely and proper manner;

m. Failing to discover Plaintiff's decedent's deteriorating condition in a timely and proper manner;

n. Failing to conduct proper labs, bloodwork, and medical assessments of Plaintiff's decedent;

o. Failing to transfer Plaintiff's decedent to a hospital in a timely manner;

p. Failing to formulate a proper plan of care for Plaintiff's decedent;

q. Failing to enact policies and procedures with respect to appropriate and timely monitoring of patients such as Plaintiff's decedent;

r. Failing to maintain policies and procedures with respect to timely monitoring of patients such as Plaintiff's decedent;

s. Failing to follow its own policies and procedures with respect to appropriate and timely monitoring of patients such as Plaintiff's decedent;

t. Failing to enact, maintain, and follow, policies and procedures with respect to assessment and diagnostics of patients such as Plaintiff's decedent;

u. Failing to enact, maintain, and follow, policies and procedures with respect to its patients' emergent health situations;

v. Failing to enact, maintain, and follow, policies and procedures regarding proper and adequate hygienic maintenance and care of its patients, such as Plaintiff's decedent;

w. Failing to properly assess and test Plaintiff's decedent for infection;

x. Failing to administer appropriate antibiotics;

y. Failing to properly treat Plaintiff's decedent's wounds and bed sore;

z. Failing to transfer Plaintiff's decedent to a higher level of care;

aa. Failure to monitor Plaintiff's decedent for developing medical condition;

bb. Failing to enact, maintain, and follow, policies and procedures regarding patient nutrition;

cc. Failing to enact, maintain, and follow, policies and procedures regarding informing Power of Attorney and family members of patients' condition;

dd. Failing to enact, maintain, and follow, policies and procedures regarding the creation and retention of forms and records of patients, such as Plaintiff's decedent;

ee. Failing to enact, maintain, and follow, policies and procedures regarding minimum staffing levels;

ff. Failing to enact, maintain, and follow, policies and procedures regarding hiring skilled employees;

gg. Failing to enact, maintain, and follow, policies and procedures regarding training its staff members in patient care and wound care; and

hh. Failing to enact, maintain, and follow, policies and procedures regarding patient transport in emergent situations.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Genesis, individually, and jointly and severally with Defendant Imperial, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with punitive damages, costs, and compensation for delay, and any such other relief as the Court finds warranted.

## COUNT III – NEGLIGENCE

### PLAINTIFF, AS ADMINISTRATOR OF THE ESTATE OF GERALD W. KEISTER

### v.

### DEFENDANT IMPERIAL

45. Plaintiff incorporates by reference the preceding paragraphs as if fully stated herein.

46. Defendant Imperial's negligence included the following actions and omissions:

   a. Failing to inform Plaintiff's decedent's Power of Attorney and family members of his deteriorating condition;

   b. Failing to regularly and properly monitor Plaintiff's decedent's conditions;

   c. Failing to regularly and properly document Plaintiff's decedent's condition in his chart;

   d. Failing to ensure proper equipment was used for Plaintiff's decedent's care;

   e. Failing to notify a physician of Plaintiff's decedent's deteriorating condition in a timely manner;

   f. Failing to adequately staff its facility with appropriately trained health care professionals;

   g. Failing to adequately train its staff in wound care;

   h. Failing to hire adequately skilled employees to care for its patients;

   i. Failing to change Plaintiff's decedent's linens and bedsheets regularly;

   j. Failing to provide adequate and proper nutrition to Plaintiff's decedent;

   k. Failing to change Plaintiff's decedent's wound dressings and bandages;

   l. Failing to change Plaintiff's decedent's wound dressings and bandages in a timely and proper manner;

   m. Failing to discover Plaintiff's decedent's deteriorating condition in a timely and proper manner;

   n. Failing to conduct proper labs, bloodwork, and medical assessments of Plaintiff's decedent;

   o. Failing to transfer Plaintiff's decedent to a hospital in a timely manner;

p.   Failing to formulate a proper plan of care for Plaintiff's decedent;

q.   Failing to enact policies and procedures with respect to appropriate and timely monitoring of patients such as Plaintiff's decedent;

r.   Failing to maintain policies and procedures with respect to timely monitoring of patients such as Plaintiff's decedent;

s.   Failing to follow its own policies and procedures with respect to appropriate and timely monitoring of patients such as Plaintiff's decedent;

t.   Failing to enact, maintain, and follow, policies and procedures with respect to assessment and diagnostics of patients such as Plaintiff's decedent;

u.   Failing to enact, maintain, and follow, policies and procedures with respect to its patients' emergent health situations;

v.   Failing to enact, maintain, and follow, policies and procedures regarding proper and adequate hygienic maintenance and care of its patients, such as Plaintiff's decedent;

w.   Failing to properly assess and test Plaintiff's decedent for infection;

x.   Failing to administer appropriate antibiotics;

y.   Failing to properly treat Plaintiff's decedent's wounds and bed sore;

z.   Failing to transfer Plaintiff's decedent to a higher level of care;

aa.  Failure to monitor Plaintiff's decedent for developing medical condition;

bb.  Failing to enact, maintain, and follow, policies and procedures regarding patient nutrition;

cc.  Failing to enact, maintain, and follow, policies and procedures regarding informing Power of Attorney and family members of patients' condition;

dd. Failing to enact, maintain, and follow, policies and procedures regarding the creation and retention of forms and records of patients, such as Plaintiff's decedent;

ee. Failing to enact, maintain, and follow, policies and procedures regarding minimum staffing levels;

ff. Failing to enact, maintain, and follow, policies and procedures regarding hiring skilled employees;

gg. Failing to enact, maintain, and follow, policies and procedures regarding training its staff members in patient care and wound care; and

hh. Failing to enact, maintain, and follow, policies and procedures regarding patient transport in emergent situations.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Imperial, individually, and jointly and severally with Defendant Brinton Manor, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with punitive damages, costs, and compensation for delay, and any such other relief as the Court finds warranted.

## COUNT IV – NEGLIGENCE

### PLAINTIFF, AS ADMINISTRATOR OF THE ESTATE OF GERALD W. KEISTER

**v.**

### DEFENDANT LIGHTNING HEALTH

47. Plaintiff incorporates by reference the preceding paragraphs as if fully stated herein.

48. Defendant Lightning Health's negligence included the following actions and omissions:

a. Failing to inform Plaintiff's decedent's Power of Attorney and family members of his deteriorating condition;

b.  Failing to regularly and properly monitor Plaintiff's decedent's conditions;

c.  Failing to regularly and properly document Plaintiff's decedent's condition in his chart;

d.  Failing to ensure proper equipment was used for Plaintiff's decedent's care;

e.  Failing to notify a physician of Plaintiff's decedent's deteriorating condition in a timely manner;

f.  Failing to adequately staff its facility with appropriately trained health care professionals;

g.  Failing to adequately train its staff in wound care;

h.  Failing to hire adequately skilled employees to care for its patients;

i.  Failing to change Plaintiff's decedent's linens and bedsheets regularly;

j.  Failing to provide adequate and proper nutrition to Plaintiff's decedent;

k.  Failing to change Plaintiff's decedent's wound dressings and bandages;

l.  Failing to change Plaintiff's decedent's wound dressings and bandages in a timely and proper manner;

m.  Failing to discover Plaintiff's decedent's deteriorating condition in a timely and proper manner;

n.  Failing to conduct proper labs, bloodwork, and medical assessments of Plaintiff's decedent;

o.  Failing to transfer Plaintiff's decedent to a hospital in a timely manner;

p.  Failing to formulate a proper plan of care for Plaintiff's decedent;

q.  Failing to enact policies and procedures with respect to appropriate and timely monitoring of patients such as Plaintiff's decedent;

r. Failing to maintain policies and procedures with respect to timely monitoring of patients such as Plaintiff's decedent;

s. Failing to follow its own policies and procedures with respect to appropriate and timely monitoring of patients such as Plaintiff's decedent;

t. Failing to enact, maintain, and follow, policies and procedures with respect to assessment and diagnostics of patients such as Plaintiff's decedent;

u. Failing to enact, maintain, and follow, policies and procedures with respect to its patients' emergent health situations;

v. Failing to enact, maintain, and follow, policies and procedures regarding proper and adequate hygienic maintenance and care of its patients, such as Plaintiff's decedent;

w. Failing to properly assess and test Plaintiff's decedent for infection;

x. Failing to administer appropriate antibiotics;

y. Failing to properly treat Plaintiff's decedent's wounds and bed sore;

z. Failing to transfer Plaintiff's decedent to a higher level of care;

aa. Failure to monitor Plaintiff's decedent for developing medical condition;

bb. Failing to enact, maintain, and follow, policies and procedures regarding patient nutrition;

cc. Failing to enact, maintain, and follow, policies and procedures regarding informing Power of Attorney and family members of patients' condition;

dd. Failing to enact, maintain, and follow, policies and procedures regarding the creation and retention of forms and records of patients, such as Plaintiff's decedent;

ee. Failing to enact, maintain, and follow, policies and procedures regarding minimum staffing levels;

ff. Failing to enact, maintain, and follow, policies and procedures regarding hiring skilled employees;

gg. Failing to enact, maintain, and follow, policies and procedures regarding training its staff members in patient care and wound care; and

hh. Failing to enact, maintain, and follow, policies and procedures regarding patient transport in emergent situations.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Lightning Health, individually, and jointly and severally with Defendant Brinton Manor, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with punitive damages, costs, and compensation for delay, and any such other relief as the Court finds warranted.

## COUNT V – SURVIVAL ACTION

### PLAINTIFF, AS ADMINISTRATOR OF THE ESTATE OF GERALD W. KEISTER

**v.**

### DEFENDANT BRINTON MANOR

49. Plaintiff incorporates by reference the preceding paragraphs as if fully stated herein.

50. Plaintiff, as Administrator of the Estate of Gerald W. Keister, deceased, brings this Survival Action on behalf of the Estate, under and by virtue of 42 Pa.C.S. § 8302, the applicable Rule of Civil Procedure and decisional law.

51. As a result of the recklessness and negligence of the Defendants as set forth above, Gerald W. Keister suffered grave injuries and death resulting in the entitlement to damages by the beneficiaries to his estate under the Survival Act.

18

52. As a result of the death of Gerald W. Keister, his estate has been deprived of the economic value of his life expectancy and James Cheung, as Administrator of the Estate of Gerald W. Keister, deceased, claims, under the Survival Act, damages for all pecuniary losses suffered by the Estate as a result of his death, including all medical expenses, loss of income, loss of earning capacity, earnings, retirement income and benefits, and social security income, and future lost earning capacity.

53. James Cheung, as Administrator of the Estate of Gerald W. Keister, deceased, further claims, under the Survival Act, damages for embarrassment, disfigurement, humiliations, and mental anguish.

54. James Cheung, as Administrator of the Estate of Gerald W. Keister, deceased, further claims, under the Survival Act, damages for the conscious pain and suffering and inconvenience endured by the decedent prior to his death, including physical pain and suffering, mental pain and suffering, and the fright and mental suffering attributed to the peril leading to the decedent's death.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Brinton Manor, individually, and jointly and severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with punitive damages, costs and compensation for delay, and such other relief as the Court finds warranted.

## COUNT VI – SURVIVAL ACTION

## PLAINTIFF, AS ADMINISTRATOR OF THE ESTATE OF GERALD W. KEISTER

### v.

### DEFENDANT IMPERIAL

55. Plaintiff incorporates by reference the preceding paragraphs as if fully stated herein.

56. Plaintiff, as Administrator of the Estate of Gerald W. Keister, deceased, brings this Survival Action on behalf of the Estate, under and by virtue of 42 Pa.C.S. § 8302, the applicable Rule of Civil Procedure and decisional law.

57. As a result of the recklessness and negligence of the Defendants as set forth above, Gerald W. Keister suffered grave injuries and death resulting in the entitlement to damages by the beneficiaries to his estate under the Survival Act.

58. As a result of the death of Gerald W. Keister, his estate has been deprived of the economic value of his life expectancy and James Cheung, as Administrator of the Estate of Gerald W. Keister, deceased, claims, under the Survival Act, damages for all pecuniary losses suffered by the Estate as a result of his death, including all medical expenses, loss of income, loss of earning capacity, earnings, retirement income and benefits, and social security income, and future lost earning capacity.

59. James Cheung, as Administrator of the Estate of Gerald W. Keister, deceased, further claims, under the Survival Act, damages for embarrassment, disfigurement, humiliations, and mental anguish.

60. James Cheung, as Administrator of the Estate of Gerald W. Keister, deceased, further claims, under the Survival Act, damages for the conscious pain and suffering and inconvenience endured by the decedent prior to his death, including physical pain and suffering, mental pain and suffering, and the fright and mental suffering attributed to the peril leading to the decedent's death.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Imperial, individually, and jointly and severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with punitive damages, costs and compensation for delay, and such other relief as the Court finds warranted.

## COUNT VII – SURVIVAL ACTION

**PLAINTIFF, AS ADMINISTRATOR OF THE ESTATE OF GERALD W. KEISTER**

**v.**

**DEFENDANT GENESIS**

61. Plaintiff incorporates by reference the preceding paragraphs as if fully stated herein.

62. Plaintiff, as Administrator of the Estate of Gerald W. Keister, deceased, brings this Survival Action on behalf of the Estate, under and by virtue of 42 Pa.C.S. § 8302, the applicable Rule of Civil Procedure and decisional law.

63. As a result of the recklessness and negligence of the Defendants as set forth above, Gerald W. Keister suffered grave injuries and death resulting in the entitlement to damages by the beneficiaries to his estate under the Survival Act.

64. As a result of the death of Gerald W. Keister, his estate has been deprived of the economic value of his life expectancy and James Cheung, as Administrator of the Estate of Gerald W. Keister, deceased, claims, under the Survival Act, damages for all pecuniary losses suffered by the Estate as a result of his death, including all medical expenses, loss of income, loss of earning capacity, earnings, retirement income and benefits, and social security income, and future lost earning capacity.

65. James Cheung, as Administrator of the Estate of Gerald W. Keister, deceased, further claims, under the Survival Act, damages for embarrassment, disfigurement, humiliations, and mental anguish.

66. James Cheung, as Administrator of the Estate of Gerald W. Keister, deceased, further claims, under the Survival Act, damages for the conscious pain and suffering and inconvenience

endured by the decedent prior to his death, including physical pain and suffering, mental pain and suffering, and the fright and mental suffering attributed to the peril leading to the decedent's death.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Genesis, individually, and jointly and severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with punitive damages, costs and compensation for delay, and such other relief as the Court finds warranted.

## COUNT VIII – SURVIVAL ACTION

### PLAINTIFF, AS ADMINISTRATOR OF THE ESTATE OF GERALD W. KEISTER

### v.

### DEFENDANT LIGHTNING HEALTH

67. Plaintiff incorporates by reference the preceding paragraphs as if fully stated herein.

68. Plaintiff, as Administrator of the Estate of Gerald W. Keister, deceased, brings this Survival Action on behalf of the Estate, under and by virtue of 42 Pa.C.S. § 8302, the applicable Rule of Civil Procedure and decisional law.

69. As a result of the recklessness and negligence of the Defendants as set forth above, Gerald W. Keister suffered grave injuries and death resulting in the entitlement to damages by the beneficiaries to his estate under the Survival Act.

70. As a result of the death of Gerald W. Keister, his estate has been deprived of the economic value of his life expectancy and James Cheung, as Administrator of the Estate of Gerald W. Keister, deceased, claims, under the Survival Act, damages for all pecuniary losses suffered by the Estate as a result of his death, including all medical expenses, loss of income, loss of earning

capacity, earnings, retirement income and benefits, and social security income, and future lost earning capacity.

71. James Cheung, as Administrator of the Estate of Gerald W. Keister, deceased, further claims, under the Survival Act, damages for embarrassment, disfigurement, humiliations, and mental anguish.

72. James Cheung, as Administrator of the Estate of Gerald W. Keister, deceased, further claims, under the Survival Act, damages for the conscious pain and suffering and inconvenience endured by the decedent prior to his death, including physical pain and suffering, mental pain and suffering, and the fright and mental suffering attributed to the peril leading to the decedent's death.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Lightning Health, individually, and jointly and severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with punitive damages, costs and compensation for delay, and such other relief as the Court finds warranted.

## COUNT IX – WRONGFUL DEATH

### PLAINTIFF, AS ADMINISTRATOR OF THE ESTATE OF GERALD W. KEISTER

**v.**

### DEFENDANT BRINTON MANOR

73. Plaintiff incorporates by reference the preceding paragraphs as if fully stated herein.

74. Plaintiff's decedent, Gerald W. Keister, died on December 9, 2019, and did not bring an action against any of the Defendants during his lifetime for the injuries and losses he suffered by reason of the carelessness, negligence, and misconduct of Defendants as aforementioned.

75. The injuries, harm, damages and losses, or increased risk thereof, suffered by Gerald W. Keister, deceased, were factually caused by the recklessness and negligence of Defendant Brinton Manor, as aforementioned.

76. Plaintiff James Cheung, as Administrator of the Estate of Gerald W. Keister, deceased, by virtue of the Pennsylvania Wrongful Death Act, 42 Pa.C.S. § 8301, the Probate, Estates and Fiduciaries Code, 20 Pa. C.S. § 3373, and Pa.R.C.P. 2202, hereby brings this action and claims all benefits under the Wrongful Death Act.

77. Under the Pennsylvania Wrongful Death Act, 42 Pa. C.S. § 8301, those individuals entitled to be beneficiaries under this wrongful death cause of action are the following:

    a.  James Cheung

78. By reason of the injuries to, and death of, Gerald W. Keister, deceased, the aforementioned beneficiaries have suffered and make claim for all permissible damages under the Pennsylvania Wrongful Death Act, 42 Pa. C.S. § 8301 and the Probate, Estates and Fiduciaries Code, 20 Pa. C.S. § 3373, including, but not limited to, all pecuniary losses suffered by reason of the death of Gerald W. Keister, loss of aid, association, support, protection, comfort, care, society, tutelage, advice, assistance, affection, earnings, guidance, solace, financial support, services, companionship, and protection.

79. By reason of the injuries to, and death of, Gerald W. Keister, claim is made for damages for hospital, nursing, medical, and funeral/burial expenses, as well as expenses of administration, necessitated by reason of the aforementioned injuries causing Gerald W. Keister 's death.

80. Plaintiff, as Administrator of the Estate of Gerald W. Keister, deceased, claims the full measure of economic losses recoverable under the Wrongful Death Act arising out of the death of Gerald W. Keister.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Brinton Manor, individually, and jointly and severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with punitive damages, costs and compensation for delay, and such other relief as the Court finds warranted.

## COUNT X – WRONGFUL DEATH

**PLAINTIFF, AS ADMINISTRATOR OF THE ESTATE OF GERALD W. KEISTER**

**v.**

**DEFENDANT IMPERIAL**

59. Plaintiff incorporates by reference the preceding paragraphs as if fully stated herein.

60. Plaintiff's decedent, Gerald W. Keister, died on December 9, 2019, and did not bring an action against any of the Defendants during his lifetime for the injuries and losses he suffered by reason of the carelessness, negligence, and misconduct of Defendants as aforementioned.

61. The injuries, harm, damages and losses, or increased risk thereof, suffered by Gerald W. Keister, deceased, were factually caused by the recklessness and negligence of Defendant Imperial, as aforementioned.

62. Plaintiff James Cheung, as Administrator of the Estate of Gerald W. Keister, deceased, by virtue of the Pennsylvania Wrongful Death Act, 42 Pa.C.S. §8301, the Probate, Estates and Fiduciaries Code, 20 Pa. C.S. § 3373, and Pa.R.C.P. 2202, hereby brings this action and claims all benefits under the Wrongful Death Act.

63. Under the Pennsylvania Wrongful Death Act, 42 Pa. C.S. § 8301, those individuals entitled to be beneficiaries under this wrongful death cause of action are the following:

    a.  James Cheung

64. By reason of the injuries to, and death of, Gerald W. Keister, deceased, the aforementioned beneficiaries have suffered and make claim for all permissible damages under the Pennsylvania Wrongful Death Act, 42 Pa. C.S. § 8301 and the Probate, Estates and Fiduciaries Code, 20 Pa. C.S. § 3373, including, but not limited to, all pecuniary losses suffered by reason of the death of Gerald W. Keister, loss of aid, association, support, protection, comfort, care, society, tutelage, advice, assistance, affection, earnings, guidance, solace, financial support, services, companionship, and protection.

65. By reason of the injuries to, and death of, Gerald W. Keister, claim is made for damages for hospital, nursing, medical, and funeral/burial expenses, as well as expenses of administration, necessitated by reason of the aforementioned injuries causing Gerald W. Keister 's death.

66. Plaintiff, as Administrator of the Estate of Gerald W. Keister, deceased, claims the full measure of economic losses recoverable under the Wrongful Death Act arising out of the death of Gerald W. Keister.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Imperial, individually, and jointly and severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with punitive damages, costs and compensation for delay, and such other relief as the Court finds warranted.

## COUNT XI – WRONGFUL DEATH

### PLAINTIFF, AS ADMINISTRATOR OF THE ESTATE OF GERALD W. KEISTER

**v.**

### DEFENDANT GENESIS

67. Plaintiff incorporates by reference the preceding paragraphs as if fully stated herein.

68. Plaintiff's decedent, Gerald W. Keister, died on December 9, 2019, and did not bring an action against any of the Defendants during his lifetime for the injuries and losses he suffered by reason of the carelessness, negligence, and misconduct of Defendants as aforementioned.

69. The injuries, harm, damages and losses, or increased risk thereof, suffered by Gerald W. Keister, deceased, were factually caused by the recklessness and negligence of Defendant Genesis, as aforementioned.

70. Plaintiff James Cheung, as Administrator of the Estate of Gerald W. Keister, deceased, by virtue of the Pennsylvania Wrongful Death Act, 42 Pa.C.S. §8301, the Probate, Estates and Fiduciaries Code, 20 Pa. C.S. § 3373, and Pa.R.C.P. 2202, hereby brings this action and claims all benefits under the Wrongful Death Act.

71. Under the Pennsylvania Wrongful Death Act, 42 Pa. C.S. § 8301, those individuals entitled to be beneficiaries under this wrongful death cause of action are the following:

     a.   James Cheung

72. By reason of the injuries to, and death of, Gerald W. Keister, deceased, the aforementioned beneficiaries have suffered and make claim for all permissible damages under the Pennsylvania Wrongful Death Act, 42 Pa. C.S. § 8301 and the Probate, Estates and Fiduciaries Code, 20 Pa. C.S. § 3373, including, but not limited to, all pecuniary losses suffered by reason of the death of Gerald W. Keister, loss of aid, association, support, protection, comfort, care, society, tutelage, advice, assistance, affection, earnings, guidance, solace, financial support, services, companionship, and protection.

73. By reason of the injuries to, and death of, Gerald W. Keister, claim is made for damages for hospital, nursing, medical, and funeral/burial expenses, as well as expenses of administration, necessitated by reason of the aforementioned injuries causing Gerald W. Keister 's death.

74. Plaintiff, as Administrator of the Estate of Gerald W. Keister, deceased, claims the full measure of economic losses recoverable under the Wrongful Death Act arising out of the death of Gerald W. Keister.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Genesis, individually, and jointly and severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with punitive damages, costs and compensation for delay, and such other relief as the Court finds warranted.

## COUNT XII – WRONGFUL DEATH

**PLAINTIFF, AS ADMINISTRATOR OF THE ESTATE OF GERALD W. KEISTER**

**v.**

### DEFENDANT LIGHTNING HEALTH

75. Plaintiff incorporates by reference the preceding paragraphs as if fully stated herein.

76. Plaintiff's decedent, Gerald W. Keister, died on December 9, 2019, and did not bring an action against any of the Defendants during his lifetime for the injuries and losses he suffered by reason of the carelessness, negligence, and misconduct of Defendants as aforementioned.

77. The injuries, harm, damages and losses, or increased risk thereof, suffered by Gerald W. Keister, deceased, were factually caused by the recklessness and negligence of Defendant Lightning Health, as aforementioned.

78. Plaintiff James Cheung, as Administrator of the Estate of Gerald W. Keister, deceased, by virtue of the Pennsylvania Wrongful Death Act, 42 Pa.C.S. §8301, the Probate, Estates and Fiduciaries Code, 20 Pa. C.S. § 3373, and Pa.R.C.P. 2202, hereby brings this action and claims all benefits under the Wrongful Death Act.

79. Under the Pennsylvania Wrongful Death Act, 42 Pa. C.S. § 8301, those individuals entitled to be beneficiaries under this wrongful death cause of action are the following:

      a.   James Cheung

80. By reason of the injuries to, and death of, Gerald W. Keister, deceased, the aforementioned beneficiaries have suffered and make claim for all permissible damages under the Pennsylvania Wrongful Death Act, 42 Pa. C.S. § 8301 and the Probate, Estates and Fiduciaries Code, 20 Pa. C.S. § 3373, including, but not limited to, all pecuniary losses suffered by reason of the death of Gerald W. Keister, loss of aid, association, support, protection, comfort, care, society, tutelage, advice, assistance, affection, earnings, guidance, solace, financial support, services, companionship, and protection.

81. By reason of the injuries to, and death of, Gerald W. Keister, claim is made for damages for hospital, nursing, medical, and funeral/burial expenses, as well as expenses of administration, necessitated by reason of the aforementioned injuries causing Gerald W. Keister 's death.

82. Plaintiff, as Administrator of the Estate of Gerald W. Keister, deceased, claims the full measure of economic losses recoverable under the Wrongful Death Act arising out of the death of Gerald W. Keister.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Lightning Health, individually, and jointly and severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with punitive damages, costs and compensation for delay, and such other relief as the Court finds warranted.

Respectfully Submitted,

**THE CURRAN FIRM, P.C.**

Date: 5/19/21                    By: _____

**FRANCIS J. CURRAN, JR., ESQUIRE**
**RYAN F. CURRAN, ESQUIRE**
**MICHAEL A. PILEGGI, ESQUIRE**
**Attorneys for Plaintiff**

## DEMAND FOR JURY TRIAL

Plaintiff, through his attorneys, The Curran Firm, P.C., hereby demands a trial by jury pursuant to Pa.R.C.P. 1007.1(a).

Respectfully Submitted,
**THE CURRAN FIRM, P.C.**

Date: 5/19/21

By: _____

**FRANCIS J. CURRAN, JR., ESQUIRE**
Attorney I.D.: 47198
**RYAN F. CURRAN, ESQUIRE**
Attorney I.D.: 313188
**MICHAEL A. PILEGGI, ESQUIRE**
Attorney I.D.: 320569
200 East State Street, Suite 103
Media, PA 19063
Ph.: (610) 566-5300 / Fax: (610) 566-6114
fcurran@thecurranfirm.com
rcurran@thecurranfirm.com
Attorneys for Plaintiff

## **VERIFICATION**

The undersigned Plaintiff, James Cheung, verifies that he has read the contents of the Complaint; that the substance of the Complaint is true and correct to the best of his knowledge, information, and belief; and he understands that this verification is made subject to the penalties of 18 Pa.C.S. §4904 (relating to unsworn falsification to authorities).

**Date:** _May 15th, 2021_

**Plaintiff**

31

# EXHIBIT "A"

# S H O R T   C E R T I F I C A T E

COMMONWEALTH OF PENNSYLVANIA                    File Number: 1519-2557
COUNTY OF CHESTER

I, TERRI CLARK, Register of Wills, in and for the County of Chester in the Commonwealth of
Pennsylvania, do hereby certify that on the 26th day of December, 2019

LETTERS TESTAMENTARY                           | were granted to:
on the Estate of:                              | JAMES KAI-MING CHEUNG
    GERALD W. KEISTER, Deceased |

having first been qualified well and truly to administer the same. I further certify that no revocation of
said Letters appears of record in my office.

Date of Death: 12/09/2019                      Given under my hand and seal of office this
Soc. Sec. No.: ██████████                          26th day of December, 2019

                                    *Janell A. Morgan*
                         *Deputy for the Register of Wills*

NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL